UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA
Case No.:

LYNNE SELLON,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT

      COMES NOW the, Plaintiff, LYNNE SELLON (hereinafter "SELLON") and hereby sue the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC. (hereinafter "CARNIVAL").

### JURISDICTION AND IDENTIFICATION OF PARTIES

1. The defendant, CARNIVAL, is a foreign corporation incorporated under the laws of Panama with its principal place of business in the State of Florida wherein it operates as Carnival Cruise Lines which provides cruise voyages to paying passengers. Further, at all times material the defendant, CARNIVAL, owned and operated a vessel known as the Carnival Sensation.

2. The plaintiff, SELLON, was and is a resident of Florida, and at all times material was a paying customer on the Carnival Sensation and the incident occurred in navigable waters as such jurisdiction exists under 28 U.S.C.

-1-

§ 1333.

## VENUE

3.  Venue is proper in the Southern District of Florida in that defendant, CARNIVAL'S principal place of business is Miami-Dade County, Florida, and that the defendant's cruise ship passenger agreement provided that venue is proper only in the Southern District of Florida and the plaintiff is complying with the subject passenger agreement. (Exhibit A - Sample CARNIVAL Contract as plaintiff is not in possession of her passenger agreement).

## FACTS

4.  On or about September 25, 2013, SELLON, was a fare paying passenger on the Carnival Sensation, a vessel owned and/or operated all times material hereto by defendant, CARNIVAL.

5.  On the date in question the plaintiff, SELLON, was walking on the Lido deck when she slipped due to the floor being in a wet and slippery condition.

6.  At all times material the crew members knew, or should have known of, the existence of the slippery surface and failed to take any action to correct or warn of the conditions.

7.  As a result of falling the plaintiff, SELLON, suffered injuries to her leg, shoulder and knee.

## COUNT I - NEGLIGENCE

Plaintiff realleges and readopts paragraphs 1 through 7 and further

-2-

alleges:

8. At said time and place the defendant CARNIVAL by and through its agents and/or employees owed a duty to the plaintiff, SELLON, to maintain the vessel in a reasonably safe condition and to warn him of dangerous conditions which it knew or should have known of.

9. Despite said duty the defendant was negligent in one, some or all of the following ways:

   a) failing to properly maintain the vessel in a reasonably safe condition for use by the plaintiff, SELLON;

   b) in failing to properly supervise the staff to maintain the vessel in a reasonably safe condition for use by the plaintiff, SELLON;

   c) in failing to correct a dangerous condition which the defendant knew or should have known through the use of exercise of reasonable care;

   d) failing to warn the plaintiff, SELLON, of the existence of a dangerous condition on defendant's vessel of which defendant knew or should have known of through the exercise of reasonable care;

   e) in failing to inspect the vessel on a regular schedule when a reasonable inspection would have revealed the existence of the slippery condition;

   f) allowing passengers who were wet to enter the buffet the cafeteria area located on the Lido deck causing the linoleum floor to become wet when it knew that the area would remain wet and that passengers be in the area to use the buffet area and as such would be encountering the wet and slippery floor;

10. As a direct and proximate cause of the negligence of the defendant, the plaintiff, SELLON, fell and was injured and has in the past and will in the

future suffer the following damages:

    a)    pain and suffering;

    b)    disability;

    c)    mental anguish;

    d)    medical and rehabilitation expenses;

    e)    loss of capacity to enjoy life; and

    f)    aggravation of a pre-existing condition;

    g)    lost earnings and earning capacity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands judgment for damages including costs and prejudgment interest and demand a trial by jury.

Dated this 11TH day of JUNE, 2014.

**Respectfully submitted**,
STOKES & GONZALEZ, P.A.
Attorneys for Plaintiff
7300 North Kendall Drive
Suite 519
Miami, FL 33156
Phone:(305) 358-2434
mark@stokesgonzalez.com

BY: /S/ MARK L. STOKES
      MARK L. STOKES
      F.B. #: 378951

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 11TH day of JUNE, 2014. We also certify that a true and correct copy of the foregoing was served on all counsel or parties of records on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronic Notices of Filing.

## **SERVICE LIST**

MARK L. STOKES,  ESQ.
mark@stokesgonzalez.com
STOKES & GONZALEZ, P.A.
Attorneys for Plaintiff
7300 North Kendall Drive, Ste. 516
Miami, FL 33156
Phone:(305) 358-2434
Fax:(305) 358-2435